IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRANSPERFECT GLOBAL, INC., | § | No. 132, 2022 |
| Plaintiff Below, Appellant, | § § § § | Court Below—Court of Chancery of the State of Delaware |
| v. | § § | C.A. No: 2021-0065 |
| ROSS ARONSTAM & MORITZ LLP and GARRETT B. MORITZ, | § § § § | |
| Defendants Below, Appellee. | § § § | |

Submitted: October 26, 2022
Decided: November 17, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

**ORDER**

This 17th day of November, 2022 after consideration of the parties' briefs and the record on appeal, it appears to the Court that:

1. Although the jurisdiction of the Court of Chancery would not, under ordinary circumstances, extend to the professional-negligence action Appellant TransPerfect Global, Inc. filed against Ross Aronstam & Moritz LLP and Garrett B. Moritz, (collectively, "RAM") the circumstances presented here are extraordinary. By the terms of two separate orders, the Court of Chancery retained exclusive jurisdiction over "actions or proceedings . . . challenging any action, recommendation or decision" of a court-appointed custodian[1] and over the parties,

---

[1] *In re TransPerfect Global, Inc.*, 2016 WL 3949840, at *6 (Del. Ch. July 18, 2016).

including TransPerfect, "for all matters relating to" the civil actions surrounding the court-ordered sale of TransPerfect.[2]

2. We agree with the Chancellor's conclusion that "[n]o court could possibly evaluate the propriety of [RAM's] alleged actions or inactions [as alleged in TransPerfect's professional negligence complaint] without reference to the propriety of the Custodian's actions, recommendations, or decisions."[3] TransPerfect's claims against RAM, moreover, include a challenge to the Custodian's authority to retain and direct the activities of counsel on TransPerfect's behalf; as such, they fall squarely within the exclusive-jurisdiction provisions of the Court of Chancery's prior orders.

3. We also agree with the Chancellor that "it is not reasonably conceivable that [RAM has] breached a professional obligation, and [that] TransPerfect has therefore failed to state a claim for legal malpractice upon which relief can be granted."[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery be AFFIRMED on the basis of its March 17, 2022 Memorandum Opinion.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *In re TransPerfect Global, Inc.*, 2018 WL 992994, at *7 (Del. Ch. Feb. 15, 2018).
[3] *TransPerfect Global, Inc. v. Ross Aronstam & Moritz LLP*, 2022 WL 803484, at *8 (Del. Ch. Mar. 17, 2022).
[4] *Id.* at *12.

2